UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEFANIA KONOPKA,

    Petitioner,

v.                                                            Case No. 09-11840
                                                                Hon. Lawrence P. Zatkoff

VINCENT J. CLAUSEN and
DEPARTMENT OF HOMELAND
SECURITY,

    Respondents.
    _____/

## ORDER DISMISSING PETITIONER'S EMERGENCY PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S REQUEST FOR TEMPORARY RESTRAINING ORDER

This matter is before the Court on Petitioner's emergency petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner filed this petition seeking a temporary restraining order and/or other injunctive relief halting Petitioner's deportation, which is currently scheduled for May 14, 2009, at approximately 3:00 p.m. Plaintiff alleges that she was not given notice of her removal hearing and the removal order therefore violates the Due Process Clause.

Upon careful review of the petition, the Court concludes that it does not enjoy jurisdiction to hear Petitioner's claims.

> A habeas petition in this Court would only be viable if it challenged merely the fact or conditions of detention while the order of removal was being reviewed. Any challenge to the underlying removability of the alien can only proceed through a petition for review with the U.S. circuit courts of appeals.

*Okoro v. Clausen*, No. 07-13756, 2008 WL 253041, at *1 (E.D. Mich. Jan. 30, 2008) (citations omitted); *see also* 8 U.S.C. § 1252(a), (g). *Accord Kellici v. Gonzalez*, 472 F.3d 416, 419 (6th Cir. 2006) (holding that circuit court lacked jurisdiction over alien's habeas claim challenging his arrest

and detention, as opposed to the order of removal, and remanding case to the district court).

Petitioner does not claim that her arrest or detainment violated due process. Rather, she argues that the lack of notice regarding her removal proceedings violated her due process rights. This claim directly attacks the removal order itself, rather than her arrest or conditions of detainment, and this Court lacks jurisdiction to review the petition. *See Haider v. Gonzales*, 438 F.3d 902, 910 (8th Cir. 2006) (district court "rightly complied" with the statute by transferring habeas claim that removal order was invalid for lack of notice); *Elgharib v. Chertoff*, No. 3:08cv394, 2008 WL 5412447, at *2-3 (S.D. Ohio Dec. 29, 2008) (dismissing alien's habeas petition claiming lack of notice violated due process); *Ukofia v. Dep't of Homeland Sec.*, No. 08-4778, 2008 WL 3994829, at *1 (D. Minn. Aug. 20, 2008) (same).

While transfer to the court of appeals was the appropriate remedy in *Haider*, such action is unavailable to Petitioner. Transfer was only available in those cases in which the petition was pending on the date of the statute's enactment—May 5, 2005—and petitions filed after that date must instead be dismissed. *See Chen v. Gonzales*, 435 F.3d 788, 790 (7th Cir. 2006); *Issa v. Clausen*, No. 07-14576, at *1, 2007 WL 3173318 (E.D. Mich. Oct. 29, 2007).

The Court does not enjoy subject-matter jurisdiction to review Petitioner's habeas petition. Accordingly, IT IS HEREBY ORDERED that Petitioner's petition be DISMISSED and all relief requested therein is DENIED.

IT IS SO ORDERED.

                                      S/Lawrence P. Zatkoff
                                      LAWRENCE P. ZATKOFF
                                      UNITED STATES DISTRICT JUDGE

Dated:  May 14, 2009

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on May 14, 2009.

                                      S/Marie E. Verlinde
                                      Case Manager
                                      (810) 984-3290